```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In re

NIGERIA CHARTER FLIGHTS                REPORT & RECOMMENDATION
CONTRACT LITIGATION
                                       04-MD-1613 (RJD)(MDG)
MDL 04-1613
----------------------------------X
This document relates to:

      ANYOKU v. WORLD AIRWAYS,         04-CV-304

      JAMES v. WORLD AIRWAYS,          04-CV-514
----------------------------------X
```

This multidistrict litigation ("MDL") consists of four cases transferred from other districts and one consolidated putative class action consisting of seven actions commenced and consolidated in this Court. Plaintiffs are World Airways, Inc. ticket holders who were not transported - pursuant to their ticket purchase agreements – for travel between the United States and Nigeria. Dr. O. Peter Obafemi ("defendant" or "Obafemi") is named as a defendant in several actions that are part of this multidistrict litigation, including <u>Anyoku v. World Airways</u>, (CV 2004-0304), the lead action in the consolidated case.

By letter dated July 1, 2005, Brendan Zahner of Thacher Proffitt & Wood LLP, co-lead and liaison counsel for plaintiffs in this MDL, seeks imposition of sanctions on Dr. Obafemi for his continued refusal to participate in discovery and comply with this Court's orders or, in the alternative, entry of default.

Ct. doc. 113.[1]  Since I have determined that the sanction of default is appropriate, I am addressing plaintiffs' application in a report and recommendation to the Court for consideration under Fed. R. Civ. P. 72(b).  See, e.g., Steele v. Costco Wholesale Corp., NO. 03CV0713, 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005); Zises v. Dept. of Soc. Srvcs., 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

BACKGROUND

Plaintiffs personally served the summons and complaint in Anyoku v. World Airways on Dr. Obafemi on January 30, 2004.[2]  See Affidavit of Service (ct. doc. 3); Decl. of Ike Echeruo dated June 9, 2004 in Support of Motion to Enter Default ("Echeruo Decl.") (ct. doc. 60) at ¶ 2.  Plaintiffs later served an Amended Complaint in that case on Dr. Obafemi's counsel on February 17, 2004 and a Second Amended Complaint on April 2, 2004.  Echeruo Decl. at ¶¶ 5, 6.  The Clerk of the Court noted an entry of

---

[1] Unless otherwise noted, all references to the court docket refer to the court docket in Anyoku v. World Airways, CV 2004-304.

[2] Although Dr. Obafemi is sued in four other actions (Mba v. World Airways, Inc., CV 2004-0473; James v. World Airways, Inc., CV 2004-0514; Eboh v. World Airways, Inc., CV 2004-4276 and Akakwam v. World Airways, Inc., CV 2004-1679), plaintiffs in those actions have not filed any affidavits indicating that service was effectuated against Dr. Obafemi.  However, plaintiff James attaches an affidavit of service to her Amended Complaint indicating that the pleading was served by mail on counsel for Ritetime Aviation and Travel Services, Inc. ("Ritetime") and Dr. Obafemi.  Counsel for James also indicated in prior conferences that Dr. Obafemi had been personally served with the Complaint, but did not file a return reflecting such service.

default against Dr. Obafemi on July 2, 2004 (ct. doc. 71), which was vacated by the Honorable Raymond J. Dearie on January 28, 2005, (ct. doc. 92).  Noting that default was entered in error, Judge Dearie also observed that counsel for Dr. Obafemi had "appeared before this Court on several occasions and participated in some discovery."  Id.  However, Judge Dearie warned that "[Dr. Obafemi] must fully participate in these proceedings, attend all scheduled conferences and comply with all orders and discovery requests."  Id.

By Order dated July 27, 2004, this Court granted Fagbenle and Strouse's motion to withdraw as counsel for Dr. Obafemi, in part, because Dr. Obafemi failed to cooperate with counsel in defense of this matter, which thwarted the completion of discovery.  Ct. doc. 83.  Although this Court directed Dr. Obafemi to appear at a conference on September 10, 2004, Dr. Obafemi did not appear at that or any subsequent conference.

In a February 2, 2005 Order, I instructed Dr. Obafemi that he must (1) provide the Court and all counsel (for both plaintiffs and other defendants) with his current mailing address, telephone number, and fax number; (2) send a copy of every communication sent to the Court to opposing parties and counsel; (3) comply with all outstanding discovery requests, including discovery requests from March, April and July 2004; and (4) appear (either in person or through counsel) at a February 14, 2005 status conference.  Ct. doc. 13 in 04-MD-1613. Furthermore, I warned Dr. Obafemi that failure to comply with my

Order could result in entry of default judgment in all actions where he has been served. Id. He did not comply.

On February 18, 2005, this Court received an e-mail from Bablakin & Co., in which an unidentified writer claims that the concern is a law firm in Lagos, Nigeria that is representing Dr. Obafemi. Ct. doc. 100.[3] This Nigerian firm did not provide responses to the outstanding discovery requests or otherwise respond to plaintiff's counsel. Letter to Court dated April 15, 2005 from Brendan Zahner ("Zahner Ltr.") (ct. doc. 108) at 12. In an e-mail sent on February 24, 2005, plaintiffs' counsel forwarded the outstanding discovery requests and asked Babalakin & Co. to confirm that it represented both Ritetime and Obafemi and that it was admitted to practice in this district or would be associated with an attorney who was admitted. Id., Exh. D. Plaintiffs' counsel contacted Babalakin & Co. again via e-mail on March 15, 2005 and both Babalakin & Co. and Obafemi by e-mail on March 25, 2005 but received no response. Id., Exh. F.

When Dr. Obafemi failed to appear at a April 14, 2005 conference, this Court noted that "Mr. Obafemi is considered to be proceeding pro se" since no attorney purporting to represent him had entered a notice of appearance. See minute entry dated

---

[3] The e-mail did not indicate which attorney in the firm would be appearing in this action nor did any attorney ever enter a notice of appearance or otherwise advise he was authorized to practice before this Court. See Local Civil Rule 1.3(c) ("Only an attorney who has been so admitted or who is a member of the bar of this court may enter appearances for parties, sign stipulations or receive payments upon judgments, decrees or orders").

April 15, 2005.  Counsel for plaintiffs then filed a letter application on April 15, 2005, pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), requesting that the Court compel Dr. Obafemi to comply with outstanding discovery requests.  Zahner Ltr. at 1 (ct. doc. 108).  The letter detailed the instances in which plaintiffs' counsel exercised good-faith efforts to seek compliance but received no response.  Id. at 1-2, Exhibits A-G. Furthermore, plaintiffs' counsel indicated that, after "Dr. Obafemi failed to appear at the February 14, 2005 conference, he contacted Plaintiffs' counsel via e-mail on February 15, 2005, acknowledged receipt of the Court's February 2, 2005 order and provided his contact information as ordered, which was to be through Babalakin & Co., Nigeria based [sic] solicitors."  Id. at 1, Exhibit B.

I granted plaintiffs' application on May 16, 2005 and instructed Dr. Obafemi that he was to respond to plaintiffs' requests by June 3, 2005.  Ct. doc. 109.  This Court also found that "sanctions are now warranted for [Dr. Obafemi's] failure to respond to discovery requests and to participate at the last conference on February 14, 2005."  Id.  I imposed sanctions on Dr. Obafemi in the amount of $200 for his repeated failure to respond to discovery requests, and warned that more drastic sanctions, including default, would be imposed for future noncompliance.  Id.  He neither responded to the discovery requests nor paid the sanctions I imposed.  I also instructed Dr. Obafemi to attend a June 21, 2005 conference (either in person or

through counsel), which he failed to do.  Id.

By letter dated July 1, 2005, plaintiffs filed the instant application for sanctions. To date, Dr. Obafemi has not filed a response.

## DISCUSSION

Rule 37(b)(2) of the Federal Rules of Civil Procedure states "if a party...fails to obey an order to provide or permit discovery,...the court in which the action is pending may make...an order...rendering judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2). "Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed." Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849 (2d Cir. 1995). However, "Rule 37 should not be construed to authorize dismissal of a complaint because of [a party's] noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [that party]." Cine Forty-Second St. Theater Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979) (quoting Societe Internationale pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958)) (internal quotations omitted). Other factors courts have considered include: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning had been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party.

Stirrat v. Ace Audio/Visual, Inc., No. 02 Civ. 2842, 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004) (Johnson, J.) (citing American Cash Card v. AT&T Corp., 184 F.R.D. 521, 524 (S.D.N.Y. 1999), aff'd, 210 F.3d 354 (2d Cir. 2000)). "No one factor is dispositive." Id. (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)).

Defendant has exhibited a long history of noncompliance with respect to orders of this Court and discovery requests from plaintiffs' counsel. This Court has issued no fewer than three Orders containing specific instructions to Dr. Obafemi, none of which he has followed. See ct. doc. 109 (May 16, 2005 Order of Magistrate Judge Go); ct. doc. 13 in 04-MD-1613 (February 2, 2005 Order of Magistrate Judge Go); ct. doc. 92 (January 28, 2005 Order of Judge Dearie). Furthermore, plaintiffs' counsel has detailed repeated efforts to have Dr. Obafemi comply with discovery requests. See Zahner Ltr. at 1-2, Exhibits A-G; ct. doc. 113.

There is no indication that Obafemi lacks the ability to comply with court orders, since he previously complied with a small portion of the discovery requests and orders. Even after withdrawal of Fagbenle & Strouse as his counsel, Dr. Obafemi communicated to a limited extent with the Court and counsel for plaintiffs. Although he indicated in an e-mail to plaintiffs' counsel on February 15, 2005 that he could not afford an attorney in the United States, a litigant is not relieved of his discovery obligations simply because of his pro se status. See Valentine

v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir. 1994) (affirming dismissal of pro se complaint pursuant to Rule 37). Since Dr. Obafemi possesses the ability to correspond with opposing counsel and the Court, but has failed to offer any explanation for his inability to comply, this Court concludes he has wilfully ignored discovery requests and court orders. In any event, his failure to heed the Court's repeated warnings clearly amounts to gross negligence, which is sufficient to warrant judgment by default. See Cine Forty-Second St. Theater Corp., 602 F.2d at 1067-68 (grossly negligent behavior that impedes discovery satisfies the "fault" prong of the Societe Internationale triad and may justify the most severe penalties under Rule 37).

This Court has also considered and imposed lesser sanctions against defendant. Despite repeated stern warnings, Dr. Obafemi has continued to ignore discovery obligations, failed to attend court conferences, and failed to pay the monetary sanction imposed. This Court concludes that no sanction short of entering default would suffice at this point. See Stirrat v. Ace Audio/Visual, Inc., 2002 WL 2212096, at *3 ("based on Defendant's prior disregard of discovery orders, no useful purpose would be served in issuing another discovery order or in imposing fines").

Moreover, the most severe sanctions available under Rule 37 "may be imposed...so long as a warning has been given." Valentine, 29 F.3d at 50 (citing Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 766 (2d Cir. 1990)); McDonald v. Head

Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Dr. Obafemi has received ample notice that his noncompliance may result in entry of default against him. See, e.g., ct. doc. 109 (May 16, 2005 Order of Magistrate Judge Go); ct. doc. 13 in 04-MD-1613 (February 2, 2005 Order of Magistrate Judge Go); ct. doc. 92 (January 28, 2005 Order of Judge Dearie).

Given the extent to which discovery has already been delayed by Dr. Obafemi's failure to comply, it is clear that plaintiffs have been prejudiced. See Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law") (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). Furthermore, given the likelihood of future noncompliance, imposition of lesser sanctions would likely result in additional prejudice to the plaintiffs. See Stirrat, 2002 WL 2212096, at *2 ("since a failure to grant dispositive relief would likely leave the case pending for an indefinite time, it is likely that some prejudice would result") (citing Peart, 992 F.2d at 462).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion for entry of default against Dr. Obafemi be granted in the two following cases in which he has been served: Anyoku v. World Airways, Inc. (CV 2004-0304) and James v. World Airways, Inc. (CV 2004-0514).

A copy of this report and recommendation is being electronically filed on this date. Plaintiffs are directed to

forward a copy of this report and recommendation to Dr. Obafemi. Any objections must be filed with the clerk of the court, with a copy to the undersigned, by September 23, 2005. Failure to file objections within the specified time waives the right to appeal the District Court's order. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

SO ORDERED.


Dated: Brooklyn, New York
September 1, 2005

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE