UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>NIGERIA CHARTER FLIGHTS CONTRACT LITIGATION | MDL Docket No.: 2904-1613 (RJD) (MDG) |
| THIS DOCUMENT RELATES TO:<br><br>*Anyoku et al v. World Airways, Inc. et al.*<br><br>*MBA v. World Airways, Inc. et al.* | 04-CV-0304 (RJD) (MDG)<br><br>04-CV-0473 (RJD) (MDG) |

**RESPONSE OF THACHER PROFFITT & WOOD LLP, IN DISSOLUTION, TO BENJAMIN OKEKE'S OBJECTIONS TO MAGISTRATE GO'S REPORT AND RECOMMENDATION ON MOTIONS FOR ATTORNEYS' FEES AND COSTS**

Thacher Proffitt & Wood LLP, In Dissolution ("TPW") hereby submits this Memorandum in Opposition to the Objection to Magistrate Go's Report and Recommendation filed by Benjamin Okeke on September 12, 2011.

While TPW's position was adequately described in the 2008 motion papers and its submissions to Magistrate Go, below, we briefly summarize here TPW's position with respect to the fees earned by class counsel, solely to rebut Mr. Okeke's arguments in that respect.

Class counsel's efforts created a $5.7 million settlement fund, expending over 5,400 attorney hours from TPW and over 1,600 hours from the Echeru firm and over 550 of TPW paralegal hours, and over $110,000 of TPW's own funds for disbursements. Contrary to Mr. Okeke's <u>brand new</u> argument, class counsel's time records were certainly kept contemporaneously. *See* Declaration of Brendan Zahner, dated September 23, 2011, filed

herewith. The fee earned by class counsel was $1,955,000, with $1,355,000 of that amount paid to TPW. The total amount of $1,955,000 represented approximately one-third of the settlement fund. That one-third percentage was a fair and reasonable result given the time expended and expertise of class counsel, the magnitude and complexities of the litigation, which spanned four years in litigation, from January 2004 to settlement at the end of 2007, and the ensuing settlement work and proceedings which lasted for another full year through the end of 2008.

The risk of the litigation fell exclusively on class counsel because only they invested thousands of hours of work, obtained class certification, engaged in extensive discovery, including taking and defending 27 fact and expert depositions, defeated World Airway's summary judgment motion, holding World Airways potentially liable for the stranding of the passengers and defeated the Warsaw/Montreal Convention arguments, which would have otherwise drastically limited recovery. Having defeated those motions, class counsel overcame that aspect of the risk, along with the general risk of any complicated multi-party case. In particular, in this case one party, Ritetime, had only $200,000 in assets, and so a verdict as against only that party would have been almost no benefit to the class. In settlement, class counsel recovered nearly 100 percent of the cost of the replacement ticket for each passenger, that being $1,700 each. That is the total in net dollars, after deducting the counsel fees. That amount was considerably more than the settlements obtained by Mr. Okeke outside of the class.

In contrast, Mr. Okeke affirmatively hampered the settlement process, challenged the settlement (and holds it up to this day), bore almost no risk, and contributed nothing to the endeavor, but was nevertheless paid $69,000 in settlements outside the class, which his time records show is two-thirds of his total time invested on the matter. As the Magistrate noted, these settlements were not truly the result of Mr. Okeke's efforts, but were made possible by the existence of the class action and the work of class counsel.

2

Mr. Okeke's $69,000 recovery, for his 250 hours of recorded time, compares quite favorably to class counsel's total recovery of $1,955,000 on TPW's lodestar of $1,813,310.50 and Echeru's lodestar of $796,290, which totals over $2.6 million in time value. Combining the two, class counsel received 75 percent of their fees if calculated on an hourly basis, with no multiplier despite the serious risks they undertook. In contrast, Mr. Okeke's time records show very limited risk, in fact only a handful of entries for each of the years, once his application to be appointed class counsel was denied in May 2004. (After May 11, 2004, Mr. Okeke had 14 time entries in 2004, 14 in 2005, 10 in 2006, 3 in 2007 and 8 in 2008, and of those 49 total time entries over five years, 11 were as a bystander at court appearances, designed far more to make his presence known than to accomplish any helpful goal.)

Mr. Okeke's complaints about time entries of class counsel are meritless, and not directly related to the issue before this Court. TPW's fees recovery was almost $500,000 less than its total time entries, rendering any attack on a handful of that firm's time entries or the hourly rates largely irrelevant, as TPW did not recover 100 percent of its fees in any event. On the other hand, Mr. Okeke's time entries are prepared as a summary document that does not appear to have been prepared contemporaneously with the dates indicated. And, more importantly, the issue before the Court is whether Mr. Okeke contributed to the creation of the fund. He did not. Even if he had contributed to the creation of the fund, he certainly would not deserve more than his already achieved 66 percent recovery, especially in comparison to class counsel's 75 percent recovery.

In sum, the District Court's earlier decision awarding TPW's counsel fees, and class counsel's fees was entirely appropriate, and so too was the decision to deny any additional fees to Mr. Okeke. This result has been supported by more specific findings from the Magistrate which recommendations should not be disturbed. Otherwise, Mr. Okeke would be over-compensated

based on his work, expertise, and the risk he took, which was very little indeed. Mr. Okeke's efforts began in earnest once TPW and co-class counsel created a pot of money to divide, but he did not contribute to the creation of that pot. To this day, Mr. Okeke holds the settlement funds hostage to his demands to be paid twice for watching class counsel do the work, and for which class counsel was paid less than the value of the time they expended. Mr. Okeke, in contrast, now asks this Court to pay him far more than the value of his time, when settlements outside the class are taken into consideration.

Dated: September 26, 2011
      New York, New York

                                            FRANKFURT KURNIT KLEIN & SELZ, P.C.

                                            By:   /s/Patrick J. Boyle
                                                   Patrick J. Boyle
                                          488 Madison Avenue, 10th Floor
                                          New York, New York 10022
                                          (212) 980-0120
                                          (212) 980-0120