IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Nigeria Charter Flights Contract Litigation )<br>MDL No. 1613 ) | 04-md-1613 (RJD) (MDG) |
| This document relates to: )<br>Anyoku v. World Airways, Inc. )<br>and )<br>Mba v. World Airways, Inc. ) | 04-cv-0304<br>04-cv-0473 |

**RESPONSE OF DEFENDANT WORLD AIRWAYS, INC.**
**TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION**

Patrick J. Bonner
Freehill Hogan & Mahar, L.L.P.
80 Pine Street
New York, N.Y. 10005
(212) 425-1900

Pro Hac Vice:

Malcolm L. Benge
Zuckert, Scoutt & Rasenberger, L.L.P.
888 17th Street, N.W.
Washington, D.C. 20006
(202) 973-7904

Attorneys for Defendant
WORLD AIRWAYS, INC.

September 26, 2011

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................2

SUMMARY .....................................................................................................................................3

ARGUMENTS .................................................................................................................................4

    I.    The R & R Provides Sufficient Grounds For Awarding The Requested Fees And Costs To Class Counsel ..................................................................................................4

    II.   Magistrate Judge Go's Recommendation With Respect To Mr. Okeke's Fee Petition Should Be Adopted. ........................................................................................5

CONCLUSION ..............................................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229 (2d Cir. 2007) .................................. 6

*Frankenstein v. McCrory Corp.*, 425 F. Supp. 762 (S.D.N.Y. 1977) ............................................. 9

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 50 (2d Cir. 2000) ........................................ 5

*In re AOL Time Warner ERISA Litigation*, 2007 WL 4225486 (S.D.N.Y.) .................................. 9

*In re Holocaust Victim Assets*, 424 F.3d 150 (2d Cir. 2005) ....................................................... 5, 6

*In re Joint Eastern and Southern District Asbestos Litigation*, 982 F.2d 721 (2d Cir. 1992) ................................................................................................................................ 9

*In re Nigeria Charter Flights Contract Litigation*, 520 F.Supp.2d 447 (E.D.N.Y. 2007) ................................................................................................................................. 8

*Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996) ................................................................... 6

*Shaw v. Toshiba America Information Systems, Inc.*, 91 F.Supp.2d 942 (E.D.Tex 2000) ............................................................................................................................... 11

*White v. Auerbach*, 500 F.2d 822 (2d Cir. 1974) .......................................................................... 8

## RULES

Fed. R. Civ. P. 72 ............................................................................................................................ 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Nigeria Charter Flights Contract Litigation<br>MDL No. 1613 | 04-md-1613 (RJD) (MDG) |

| | |
|---|---|
| This document relates to: | |
| Anyoku v. World Airways, Inc.<br>and | 04-cv-0304 |
| Mba v. World Airways, Inc. | 04-cv-0473 |

### RESPONSE OF DEFENDANT WORLD AIRWAYS, INC.
### TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72, World Airways, Inc. ("World") respectfully submits this response to the objections filed by O. Benjamin Okeke, attorney for a limited number of claimants in this proceeding, to Magistrate Judge Marilyn D. Go's August 25, 2011, Report and Recommendation ("R & R") that Class Counsel's petitions for fees and costs be granted and Mr. Okeke's request for fees and costs be denied. *See* ct. doc. 202. For the reasons set forth below, Mr. Okeke's objections are without merit and the district court should adopt the R & R in its entirety.

### SUMMARY

Mr. Okeke's objections fail to cast any doubt on the appropriateness of the R & R. It has now been more than 33 months since the district court approved the Settlement Agreement on December 10, 2008. During this time, Mr. Okeke's hunt for a share of attorneys' fees, to which he has never been entitled, has done nothing to benefit even the handful of claimants he

represents while only serving to delay payment to all other qualifying class members. Following a March 10, 2010, Summary Order issued by the U.S. Court of Appeals for the Second Circuit ("Summary Order"), the *only* issue to be resolved on remand is for the district court to "provide sufficient grounds for its orders granting class counsel Thacher $1,355,265.94 in fees and $109,734.06 in costs and Echeruo $600,000 in fees and denying fees and costs to Okeke." Summary Order at 8. The well-reasoned R & R carries out this mandate, providing more than adequate grounds in support of the district court orders awarding fees and costs to Class Counsel and denying them to Mr. Okeke.

Mr. Okeke offers no evidence to rebut the careful findings and conclusions provided by Magistrate Judge Go in her thoughtful R & R. In this regard, Mr. Okeke, as on prior occasions during the course of these proceedings, has failed to demonstrate that he contributed to the creation of the common fund or otherwise undertook efforts that materially benefitted the Class—a necessary predicate for an award of attorneys' fees in class action litigation. Similarly, he has not cast any doubt upon the reasonableness of the fees originally granted to Class Counsel by the district court, which Magistrate Judge Go methodically examined and concluded were properly awarded. For the reasons more fully explained herein, World urges the district court to issue an order adopting Magistrate Judge Go's recommendations in their entirety.

## ARGUMENTS

### I. The R & R Provides Sufficient Grounds For Awarding The Requested Fees And Costs To Class Counsel

World is a settling defendant in this proceeding. Nevertheless, as stipulated in the Settlement Agreement, World is required to support the fee petition of Class Counsel. *Id.* at ¶67. Magistrate Judge Go's findings and conclusions regarding the reasonableness of fees and costs awarded to Class Counsel, which she carefully evaluated under the percentage method and

thereafter cross-checked against the lodestar method, applying *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), should not be disturbed. The fees requested by Class Counsel represented about 34% of the common fund. In connection with her examination of the fees requested by and originally awarded to Class Counsel, Magistrate Judge Go meticulously canvassed other court decisions in both the Second Circuit and other circuits, to properly conclude that "an award of one-third of a class settlement [is] fair, reasonable and within the range of what is normally awarded class counsel for a settlement of this magnitude." R & R at 10. With respect to the lodestar cross-check, Magistrate Judge Go quite properly observed that Class Counsel's requested fees constituted 75% of the amount reflected in the billing records and, more importantly, explained that "even if the Court were to apply a 20% reduction in the fees sought by [Class Counsel], less time spent on the attorneys' fee application reflected by the billing records, the discounted amount is . . . still more than the fees requested." R & R at 14.

The R & R provides ample grounds to support Magistrate Judge Go's finding that Class Counsel's "time entries are sufficiently detailed and the hours spent were reasonable and benefited the class." R & R at 13. Mr. Okeke has failed to adduce any evidence in his objections that would place in question the reasonableness of the fees awarded to Class Counsel and, as a consequence, the district court should adopt Magistrate Judge Go's recommendation that Class Counsel be awarded the requested fees and costs.

II. **Magistrate Judge Go's Recommendation With Respect To Mr. Okeke's Fee Petition Should Be Adopted.**

It is axiomatic in the Second Circuit that "[t]he actions of the party seeking to recover costs must . . . be a substantial cause of the benefit obtained," through a class settlement. *In re Holocaust Victim Assets,* 424 F.3d 150, 157 (2d Cir. 2005) (citation and internal quotation marks

5

omitted). One who "recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole." *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 249 (2d Cir. 2007) (quotations omitted). *See also Savoie v. Merchants Bank*, 84 F.3d 52, 56-57 (2d Cir. 1996) (same). Explained another way, "a material benefit to the class is the *sine qua non* for an attorney's entitlement to an award of fees from the common fund." *In re Holocaust Victim Assets*, 424 F.3d at 157. Mr. Okeke, who claims that he is entitled to collect $99,639.99 in fees and $5,147.00 in costs for the underlying litigation *as well as* $40,0266.66 in fees and costs for objections to the settlement and his subsequent appeal to the Second Circuit, has failed to make the required showing.

Mr. Okeke once again claims in his objections to the R & R, as in his prior submissions to the district court and on appeal, that his limited work on behalf of his own clients—namely the filing of a complaint and preparation of a motion for class certification, minimal participation in court-ordered discovery and sporadic attendance at court conferences—entitles him to an award of fees for benefits allegedly bestowed upon the entire class. Magistrate Judge Go carefully considered each of these matters in her R & R, and Mr. Okeke's objections do not advance any arguments that would call into question her conclusions that such tasks do not entitle him to legal fees.

With respect to Mr. Okeke's assertion that his preparation and filing of a complaint in the *Mba* case "materially benefited the class," Objections at 13, that complaint only stated obvious legal theories, including a claim for fraud. Mr. Okeke fails to rebut Magistrate Judge Go's finding that the complaint was devoid of "legal theories that were ultimately used by lead counsel in prosecuting the class action." R & R at 25. As for the class certification that Mr.

Okeke prepared—only after motions were filed in the *James* and *Anyoku* cases—Magistrate Judge Go found that the certification "reflected neither novel argument nor new facts," *id.* at 26, a finding that Mr. Okeke does not successfully rebut in his objections. Indeed, and as noted by Magistrate Judge Go, Mr. Okeke "did not even file a reply to the opposition of World Airways to the various motions for class certification while [Class Counsel] did." *Id.*

As to Mr. Okeke's description of his "participation" in discovery, his role was almost entirely limited to (i) defending depositions of just *two* named plaintiffs in the *Mba* proceeding and (ii) producing discovery documents and responses for his clients—which Mr. Okeke admits was produced only *after* Magistrate Judge Go issued an order directing him to respond following World's successful motion to compel discovery. *See* ct. doc. 46 in 1:04-cv-00473-RDJ-MDG. Nevertheless, Mr. Okeke maintains that he "expected to be paid for [his] time" responding to discovery requests and court orders, work that he maintains, "helped to determine the potential number of claimants," which "in turn facilitated the settlement negotiations and the eventual settlement."[1] Objections at 14. However, Magistrate Judge Go already squarely addressed this argument in the R & R, writing, "I do not find even those tasks to have been of 'substantial' or 'material' benefit to the class, particularly since Judge Dearie did not name either of the *Mba* plaintiffs as class representatives." Mr. Okeke has not provided any information in his objections that would call into doubt Magistrate Judge Go's finding on this count.

Regarding Mr. Okeke's attendance at court conferences (to the extent he made any appearances before settlement negotiations between the principal attorneys for the parties had substantially progressed), his attendance was largely limited to that of a bystander and passive

---

[1] As the district court is well aware, Class Counsel provided expert witness testimony regarding the number of potential claimants in support of its motion for summary judgment. *See In re Nigeria Charter Flights Contract* (continued...)

7

observer. Most tellingly, and as Magistrate Judge Go correctly notes in the R & R, "Mr. Okeke did not appear for the *three most critical* oral arguments before Judge Dearie regarding the motions for class certification, summary judgment and preliminary approval." R & R at 27 (emphasis added). In fact, if was only after Class Counsel and World began to engage in serious settlement discussions that Mr. Okeke emerged from the woodwork, well aware that efforts to reach a settlement would involve setting aside money for legal fees.

Try as Mr. Okeke might in his latest round of objections to present himself as an effective participant in complex litigation whose industrious efforts materially improved the terms of the class settlement, Mr. Okeke has utterly failed to make "a proper showing . . . that the settlement was improved as a result of [his] efforts." *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974) (citations omitted). Indeed, and as Magistrate Judge Go, who is uniquely positioned to assess Mr. Okeke's involvement in the this case given her familiarity with the protracted settlement negotiations, concluded, "there was little that Mr. Okeke did to support his claim that his efforts conferred a substantial benefit to the class." R & R at 29.

At bottom, while Class Counsel undertook the class certification, conducted considerable discovery (including depositions of World's corporate officers), actively contested World's motion for summary judgment and filed a summary judgment motion on behalf of the Class members, and, most importantly, negotiated the Settlement Agreement and actively litigated the case for more than four years, Mr. Okeke was largely absent until it came time to submit his own fee petition. As Magistrate Judge Go found in her R & R, "*[n]one* of the work performed by Mr. Okeke had any apparent effect on bringing about a settlement favorable to the class." *Id.* at 26

---

(...continued)
*Litigation*, 520 F.Supp.2d 447, n2 (E.D.N.Y. 2007). Mr. Okeke did not share in the cost of this expert testimony nor did his efforts produce evidence of any other sort regarding the number of potential class members.

(emphasis added). Mr. Okeke's objections do not advance any arguments that would call into question the reasonableness of Magistrate Judge Go's conclusion that Mr. Okeke is not entitled to fees and costs.

As with his arguments that he is entitled to fees and costs for work during the litigation and settlement phases, Mr. Okeke's claim that he is entitled to fees and costs in recognition of his objections to the Settlement Agreement at the fairness hearing is entirely without merit. In order to recover fees on the basis of an objection to a settlement agreement, the efforts must "produce[] a beneficial effect upon the progress of the litigation." *Frankenstein v. McCrory Corp.*, 425 F. Supp. 762, 767 (S.D.N.Y. 1977). On the other hand, where, as here, "objectors efforts have not been shown to have benefitted the class and the court did not rely on the objectors' arguments in reaching its conclusion," *In re AOL Time Warner ERISA Litigation*, 2007 WL 4225486, *2 (S.D.N.Y.), recovery is not appropriate. *See also In re Joint Eastern and Southern District Asbestos Litigation*, 982 F.2d 721, 749 (2d Cir. 1992) (denying law firm's petition for objectors' fees where firm failed to identify "any concrete benefit that its efforts conferred on the class").

Although objections that "cast into sharp focus the question of the fairness and adequacy of the settlement to all the members of the class," *Frankenstein*, 425 F. Supp. at 762, may be compensable, mere dissension of the variety that Mr. Okeke attempted to advance before the district court and on appeal is most certainly not. The two objections made by Mr. Okeke—alleging that the distribution of unpaid funds to World would constitute a windfall and claimants in Nigeria would not be able to cash settlement checks payable in U.S. dollars—were summarily dismissed by the Second Circuit. Summary Order at 7. Indeed, nothing in the Second Circuit's opinion upholding the Settlement Agreement suggests that Mr. Okeke's objections to the

9

Settlement Agreement had any bearing on the outcome of the appeal. As Magistrate Judge Go's recommended decision quite properly notes, "Mr. Okeke did not succeed on appeal other than to obtain a remand for further findings with respect to the fees awarded." R & R at 24.

Notwithstanding that his objections to the Settlement Agreement were of no benefit to the Class, Mr. Okeke proceeds along the mistaken belief that, in addition to recovering fees for his limited efforts in the course of the original litigation, he should also be compensated for the prosecution of his appeal. His objection to the R & R on this basis fails, once again, to present any persuasive explanation of why he should be awarded fees and costs. As discussed above, merely offering dissensions to the settlement, mounting an (unsuccessful) appellate challenge to the terms of the Settlement Agreement, and obtaining a remand for the district court to provide sufficient grounds in support of its original determination on fees do not constitute a "substantial" benefit for the members of the Class.

Nor is Mr. Okeke's post-hoc attempt to stylize the Second Circuit's remand, limited to further findings with respect to fees awarded, as a material benefit to the Class to any avail. Notwithstanding his imaginative argument that such efforts "sharpened the issues regarding the class settlement as well as lead counsel[']s application for legal fees and costs," Objections at 17, Mr. Okeke's continued prosecution of his fee petition has not led to a reconsideration of the terms of the class settlement and in fact have only served to hamper the payment of funds to qualified claimants. As Magistrate Judge Go candidly remarked, "To the extent the order of remand can be viewed as a victory for Mr. Okeke, only he benefitted from this ruling, since these further proceedings have been at the expense of class members who have faced delay in receiving their share of settlement funds." R & R at 24.

Indeed, since this district court approved the Settlement Agreement more than 33 months ago, Mr. Okeke's efforts have been singularly focused on holding the payment of qualified claims hostage in the hopes of extracting additional legal fees for himself. However, and also as noted in the R & R, the district court's previous decision to exclude Mr. Okeke from any share of the fees set aside for attorneys in the Settlement Agreement does not mean that Mr. Okeke has gone uncompensated for his very limited efforts on behalf of his own clients, for which he received $69,000 in settlement payments in connection with the resolution of claims outside of the Class settlement. R & R at 28-29. Mr. Okeke received these payments before he filed his fee petition, and therefore he did not undertake any risk for which he has not already been fairly compensated. As Magistrate Judge Go found in the R & R, "From this Court's perspective, Mr. Okeke has already been adequately compensated for the work he did on this case." *Id.* at 29. In this regard, Mr. Okeke's latest objections fail to demonstrate why this finding is incorrect.

Finally, and in a last ditch effort to resurrect his cause, Mr. Okeke urges that the district court take the remarkable step of ordering World and Class Counsel to pay him directly for his limited endeavors, Objections at 19, knowing full well that he cannot recover from the settlement fund. In support of this extraordinary request, Mr. Okeke cites to *Shaw v. Toshiba America Information Systems, Inc.*, 91 F.Supp.2d 942 (E.D.Tex 2000), a decision from a district court of another circuit. Mr. Okeke fundamentally misperceives that case, however, in which the court found that objectors' counsel "conferred a substantial benefit on the class." 91 F.Supp.2d at 974. As discussed herein and in the R & R, Mr. Okeke has made no such showing.

## CONCLUSION

Contrary to Mr. Okeke's characterization of the R & R as no more than a mere "rubberstamp" of the district court's prior orders with respect to fees and costs, Objections at 9, the persuasive and thoughtful analysis provided by Magistrate Judge Go, spanning 30 pages, provides sufficient grounds for those decisions. For the foregoing reasons, World urges the district court to promptly issue an order adopting the R & R in its entirety so that World can expeditiously proceed to pay funds to qualified claimants as provided by the terms of the Class Settlement.

Respectfully submitted,

*Malcolm L. Benge*
Malcolm L. Benge
Zuckert, Scoutt & Rasenberger, LLP
888 17th Street, N.W.
Washington D.C. 20006

Patrick J. Bonner
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, N.Y. 10005

Attorneys for Defendant
WORLD AIRWAYS, INC.

September 26, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2011, a copy of the foregoing Response of World Airways, Inc., was served by first class mail, postage prepaid, on the parties named below:

O. Benjamin Okeke, Esq.
*Attorney for Plaintiffs*
3312 Church Avenue, Third Floor
Brooklyn, New York 11203
(718) 940-3855

_____
Jonathon H. Foglia